Petition for Writ of Mandamus Denied and Memorandum Opinion filed
January 26, 2004















Petition for
Writ of Mandamus Denied and Memorandum Opinion filed January 26, 2004.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-03-00712-CV

____________

 

IN RE GRANT THORNTON, L.L.P., Relator

 

_____________________________________________________

 

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

_____________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            On June 26, 2003, relator
filed a petition for writ of mandamus in this Court.  See
Tex. Gov’t.
Code Ann. § 22.221 (Vernon Supp. 2000); see also Tex. R. App. P.
52.  Relator requests this Court to
compel the judge of the 280th Judicial District Court of Harris County to set
aside an order signed March 26,
 2003 striking third parties from this action.  We deny relator’s petition for writ of
mandamus for the reasons discussed below. 









                                                      Procedural History

            The
mandamus petition arises from a suit for accounting misrepresentation against
relator.  The plaintiffs, Blitz Holdings
Corp. and GCM Corp., are financial service companies for investors.  They are also judgment creditors of insolvent
IFS Financial Corporation for a debt exceeding $130 million.  Generally, they contend that relator, IFS’s auditor, approved financial statements that greatly
overstated the assets and net worth of IFS enabling that company to “perpetuate
a false appearance of solvency;” they claim relator was negligent in failing to
identify and report fraudulent activity.  


            In March 2003, the primary parties
in this suit were plaintiffs, relator, Deloitte & Touche,
Chamberlain, Hrdlicka.  There were also third parties purportedly
joined by relator as well as third parties joined by Deloitte & Touche.  At a hearing
regarding joinder of third parties, the trial judge
signed an order reconfirming joinder of six
responsible third parties[1] and
struck all others previously added by relator and/or Deloitte & Touche.  In this March 26, 2003 order, the
trial court did not state the bases for the ruling; however, in its May 21, 2003 order denying the
defendants’ motions for reconsideration, the trial court stated that it
rejected relator’s interpretation of section 33.011 of the Texas Civil
Practices and Remedies Code. 

            Relator neither filed nor served any
third party petitions.  The trial court’s
original orders, purporting to join responsible third parties identified by
relator, contain the following language: “The Responsible Third Parties are not joined herein as plaintiffs,
defendants, or third party defendants under Texas Rule of Civil Procedure
38.”  Each order contains the following
recitation: “Defendants are not required to serve . . . with citation or file a
third-party complaint, since defendants are not seeking affirmative relief or
any judgment against the Responsible Third Parties at this time.” 

Standard of Review

            Mandamus
is an extraordinary remedy available only in limited circumstances to correct a
clear abuse of discretion or the violation of a duty imposed by law when the
relator has no adequate remedy by appeal.  Republican Party of Texas v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997); Walker v. Packer, 827 S.W.2d 833, 839–44 (Tex.
1992).  A clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of
discretion justifying mandamus relief.  Walker v. Packer, 827 S.W.2d at 840. 

                                                                    Analysis

            The
express language of the Proportionate Responsibility Statute in effect for this
case requires that responsible third parties be joined in the lawsuit, not
simply named or designated.[2]  Under Section 33.003, only four categories of
persons may be included in the proportionate responsibility jury question: (1)
each claimant, (2) each defendant, (3) each settling party and (4) each
responsible third party who has been joined
under Section 33.004, which is entitled, “Joinder of Responsible Third
Parties.”  Tex. Civ. Prac.
& Rem. Code Ann. § 33.004 (Vernon 1997)
(emphasis supplied).  Section 33.004,
subsection (b) provides: “[n]othing in this section
shall affect the third-party practice as previously recognized in the rules and
statutes of this state with regard to the assertion by a defendant of rights to
contribution or indemnity.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 33.004(b)(Vernon
1997).  Sub-sections 33.004(d) and (e)
also use the word “join” and discuss filing a third party claim to bring
responsible third parties into a lawsuit. 
Tex. Civ.
Prac. & Rem. Code Ann.
§ 33.004(d), (e) (Vernon 1997).  

            Because relator’s designated
responsible third parties were never served with a petition and citation, they
were not parties to the suit at the time the court purportedly struck
them.  See Gonzalez v. Gutierrez,
694 S.W.2d 384, 389 (Tex. App.—San Antonio 1985, no writ). 

            We hold the trial court’s decision
to strike purported responsible third parties who were never served with
citation is not an abuse of discretion.  


            Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Petition Denied and Memorandum
Opinion filed January
 26, 2004.

Panel consists of Justices
Anderson, Seymore and Guzman.

 











            [1]  Specifically, those who were retained as responsible
third parties named by relator were Interamericas
Corp., Comstar Mortgage Corp., Rudolfo
Garcia, Jorge Corona, Jerry Polsgrove, and Gerald
Simpson.  Jorge Hollander was also
permitted to remain a responsible third party relative to Deloitte & Touche.





            [2]  The procedure erroneously used by relator is
permitted generally under amendments to the proportionate responsibility
statute applicable to cases filed on or after July 1, 2003, which allow “designation,” not joinder, of responsible third parties.  See
An Act Relating to Reform of Certain Procedures and Remedies in Civil Actions,
78th Leg., R.S., ch. 204, art. 4, §§ 4.01,
4.02, 4.03, 4.04, 4.05, 2003 Tex. Sess. Law Serv. (Vernon) (codified
as amendments to Tex. Civ. Prac.
& Rem. Code Ann. §§33.002, 33.003, 33.004,
33.011).  See also, Section 23.02 (c) of Acts 2003, 78th Leg., R.S., ch. 204 (“An action filed before July 1, 2003, is governed by the law in
effect immediately before the change . . . .”).  Because this action was filed before July 1, 2003, relator was required to
serve responsible third parties.